COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Whitall_____Raymond_____R_____
      (Last)              (First)            (Middle Initial)

Prisoner Number: __G43090_____

Institutional Address: __31625 Hwy. 101 S., P.O. Box 1050__
__Soledad CA 93960-1050__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__Raymond Richard Whitall_____ )
(Enter your full name.)                    )
                                      )
                vs.                       )   Case No. __20-cv-00910-CRB__
                                      )
__S.D. Gutierrez; William L Welch III.__ )   FIRST AMENDED
__DEFENDANTS__                 )   COMPLAINT UNDER THE
                                      )   CIVIL RIGHTS ACT,
                                      )   42 U.S.C. § 1983; 28 U.S.C.
                                      )   § 1367
(Enter the full name(s) of the defendant(s) in this action.) )

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A.   Place of present confinement __Salinas Valley State Prison__

B.   Is there a grievance procedure in this institution?   YES ☒   NO ☐

C.   If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

      1. Informal appeal: __None Available_____

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: Bypassed pursuant to administrative rule

3. Second formal level: SVSP-L-18-5690; Granted in Part, 11·15·18

4. Third formal level: SVSP-L-18-5690; Denied, 2·11·19

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ☒    NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

N/A

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

Raymond Whitall, 643090, P.O. Box 1050, Soledad CA 93960-1050

B. For each defendant, provide full name, official position and place of employment.

S. D. Gutierrez, Correctional Sergeant, California Department of Corrections and Rehabilitation, Pleasant Valley State Prison; William L. Welch III, Correctional Officer, California Department of Corrections and Rehabilitation, Salinas Valley State Prison.

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Please see attached complaint

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Please see attached complaint

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: _June 18, 2020_     _Raymond [signature]_
              Date                        Signature of Plaintiff

PRISONER COMPLAINT (rev 8/2015)
Page 3 of 3

1  Raymond Whitall
   SVSP G43090
2  P.O. Box 1050
   Soledad CA 93960
3  Plaintiff, pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Raymond Richard Whitall,  )  Case No. 20-cv-00910-CRB
Plaintiff                 )  FIRST AMENDED
                          )  COMPLAINT UNDER THE
    v                     )  CIVIL RIGHTS ACT,
                          )  42 U.S.C. §1983; 28 U.S.C.
S. D. Gutierrez, et. al.  )  §1367
    Defendants            )

I. FACTS

On September 9, 2018, Defendant Correctional Officer William L. Welch, III, informed plaintiff that he must return to his cell as he had been placed on disciplinary segregation. When plaintiff questioned this defendant Welch informed plaintiff that he had received a phone call from Defendant Correctional Sergeant S. D. Gutierrez who informed him that plaintiff had just attended a disciplinary hearing and that he was to be confined to his cell for 30 days as punishment.

Defendant Welch did not possess any documentation authorizing the imposition of this disciplinary sanction

1. As he would in the normal course of the disciplinary
2. process when a disciplinary chrono is issued by the hear-
3. ing officer and details the disciplinary sanctions im-
4. posed in the disciplinary process and which is distributed
5. to the housing unit where defendant Welch was assign-
6. ed as plaintiff's floor officer.
7.     For several weeks following September 9, 2018, plain-
8. tiff inquired of defendant Welch as to his receipt of a
9. disciplinary chrono reflecting plaintiff's disciplinary
10. segregation, or plaintiff's name on any list reflecting
11. disciplinary segregation. Defendant Welch never received
12. any such documentation yet he maintained the imposi-
13. tion of the segregation.
14.     After waiting a reasonable amount of time to receive
15. the Disciplinary Hearing Results of the alleged disciplinary
16. process, and not having received those results nor any
17. other documentation related to this discipline, plain-
18. tiff filed a grievance against having received a disci-
19. plinary sanction without any apparent disciplinary pro-
20. cess.
21.     Prior to the September 9, 2018, imposition of the disci-
22. plinary segregation plaintiff had not been issued and/or
23. served with any relevant Rules Violation Report (RVR),
24. nor had he been afforded any sort of disciplinary hearing
25. which could have resulted in any sanctions against him.
26.     Subsequent to the imposition of this punishment

Whithall v. Gutierrez; Complaint

2

1  plaintiff did not receive any relevant documentation.
2      At the end of October 8, 2018, plaintiff completed
3  the 30-day disciplinary segregation. Because the only
4  authorized recourse in disciplinary matters is the filing of
5  a grievance, plaintiff was forced to submit to the order of
6  defendants Welch and Gutierrez regarding the imposition
7  of the disciplinary segregation, and to do so for the
8  entire 30-day period because plaintiff was not inter-
9  viewed for his grievance until after the expiration of
10 the 30-day period.
11     Plaintiff was interviewed relative to his grievance.
12 The interview was conducted by Correctional Lieutenant
13 A. Ware. During this interview, Lt. Ware informed plain-
14 tiff that a check of the disciplinary records showed
15 that there was no record of any disciplinary process re-
16 garding the disciplinary sanction imposed upon plain-
17 tiff.
18     Plaintiff violated no rules relevant to this disciplinary
19 sanction; plaintiff never received any disciplinary report
20 relevant to this disciplinary sanction; plaintiff was never
21 afforded any due process before the imposition of this
22 disciplinary sanction.
23     The only punishment imposed in this matter was that
24 of the disciplinary segregation for a 30-day period.
25     On February 21, 2019, plaintiff filed his government
26 claim pursuant to California's Government Claims Act (Claim

Whitmill v. Gutierrez; Complaint

3

No. 19CC2310). This claim was rejected on April 16, 2019.

## II. INJURIES

As the result of the actions of defendants, plaintiff suffered the following injuries:

1. Thirty (30) days of disciplinary segregation where he was confined to his cell except to attend his authorized Priority appointments, and thrice-weekly showers;
2. Emotional distress.

## III. CONTENTIONS

Defendants Gutierrez and Welch violated plaintiff's Due Process rights under the U.S. Constitution's Fourteenth Amendment, and the California Constitution's Article I, Section 7(a), and did so by imposing punishment beyond the scope of the disciplinary process as codified within the California Code of Regulations, Title 15, Division 3, but doing so under the guise of such disciplinary process.

Defendants Gutierrez and Welch inflicted upon plaintiff cruel and unusual punishment by imposing unauthorized disciplinary segregation and did so with deliberate indifference to the fact that there was no legal disciplinary process initiated against plaintiff, and they did so in violation of the U.S. Constitution's Eighth

1  Amendment, and the California Constitution's Article I,
2  Section 17.
3      Defendant Gutierrez violated plaintiff's right to
4  redress of grievances in violation of the U.S. Constitu-
5  tion's First Amendment, and the California Constitu-
6  tion's Article I, Section 3(a), by imposing upon
7  plaintiff an illegal disciplinary sanction in retaliation
8  for plaintiff having filed grievances against him for
9  a previous beating of plaintiff by defendant, as well
10 as for previous harassment and intimidation accusations
11 made against defendant by plaintiff.
12     Defendants Gutierrez and Welch violated plaintiff's
13 personal security, equal protection, and due process rights
14 pursuant to the California Civil Code (CC) §§ 43, 51.7, 52,
15 52.1, 52.3, 1708, and 1714; Government Code (GC) § 815.6;
16 and Penal Code (PC) §§ 147, 368 by imposing upon plaintiff
17 an illegal disciplinary sanction outside of the scope of the
18 disciplinary process, and did so against a dependent adult
19 and with the knowledge that plaintiff was a dependent
20 adult.
21     Defendants Gutierrez and Welch committed dependent
22 adult abuse in violation of the California Welfare and
23 Institutions (W+I) Code § 15657 by imposing upon plaintiff
24 an illegal disciplinary sanction outside of the scope of the
25 disciplinary process.
26     Defendants Gutierrez and Welch violated plaintiff's

1  rights and protections pursuant to California's Bane Civil
2  Rights Act, CC §52 by imposing upon plaintiff an illegal
3  disciplinary sanction outside of the scope of the disci-
4  plinary process.
5      Defendants Gutierrez and Welch intentionally and negli-
6  gently inflicted upon plaintiff emotional distress when
7  they imposed upon plaintiff an illegal disciplinary sanction
8  outside of the scope of the disciplinary process.
9      Defendants' acts and omissions were devoid of any valid
10 penological interest.
11     Defendants were at all times mentioned herein acting
12 under the color of authority and state law.
13     At all times mentioned herein plaintiff was a prisoner
14 in the custody of the California Department of Corrections and
15 Rehabilitation (CDCR); a dependent adult pursuant to
16 PC §368(h) and W+I §15610.23(e); a participant in the CDCR's
17 Disability Placement Program (DPP) as an Americans with Disabilities
18 Act (ADA) qualified prisoner with both hearing and mobility
19 impairments; and a mental health services patient within the
20 confines of the Extended Outpatient Program housing.
21     At all times mentioned herein the CDCR was an agency
22 and its staff and employees were persons providing care and
23 services for dependent adults — including plaintiff — pursuant
24 to W+I §15610.17(g)
25     At all times mentioned herein defendants were em-
26 ployees of the CDCR.

Whitall v. Gutierrez, Complaint

At all times mentioned herein defendants knew plaintiff was a dependent adult and was afflicted with both mental and physical impairments and/or disabilities.

## IV. CAPACITY

Defendants are being sued in their individual capacities.

## V. CAUSATION

Defendants' acts and/or omissions directly and proximately caused and/or contributed to the violations against plaintiff and to the injuries suffered by plaintiff.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests this Court take the following actions, and grant the relief requested below:

1. That this Court assume supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and, in so doing, decide all of the claims and contentions including any based on California law;

2. Provide declaratory relief for statutory, constitutional, and regulatory violations;

3. Award compensatory damages to plaintiff and against defendants jointly and severally in an amount deemed fair and just for the infliction of physical and mental harm;

4. Award punitive damages against defendants jointly and severally in an amount deemed fair and just for the infliction of physical and mental harm;

5. Award both compensatory and punitive damages

Whitsell v. Gutierrez; Complaint

7

1  against defendants, jointly and severally, in an amount
2  deemed fair and just for the deprivations and violations of
3  plaintiff's rights;
4     6. Pursuant to CC §52(b), and for having violated CC §52,
5  award damages, jointly and severally, in an amount of Fifty-
6  thousand dollars ($50,000.00), against defendants;
7     7. All requests for damages are separate and distinct
8  from all others except to the extent that the mental &
9  emotional injury resulted from the physical injuries described
10 herein;
11    8. Award to plaintiff all attorney fees and costs;
12    9. Grant any other such appropriate relief.

## VII. CONCLUSION

15 Defendant Gutierrez took the actions described herein in
16 order to retaliate against me for the numerous complaints
17 I filed against him for his beating of me on February
18 28, 2017, and his subsequent actions against me. Since my
19 return to SVSP on June 30, 2017, defendant Gutierrez has
20 participated in a campaign of terror against me. Somehow,
21 Defendant Welch convinced himself to get involved in all
22 of this sordid business and participate in this retaliatory,
23 harassing, and intimidating act. Even after initially ordering
24 me to my cell at the commencement of the illegal
25 disciplinary sanction, defendant Welch had multiple oppor-
26 tunities to put a halt to and/or correct the wrongdoing

Whitsell v. Gutierrez, Complaint

8

being perpetrated against me in his partnership with defendant Gutierrez, and to do so simply by verifying the disciplinary segregation by way of the chronos sent to the housing unit where defendant Welch worked, and which would have confirmed or contradicted the word of defendant Gutierrez. Since no such chrono was generated by any hearing officer, and because Welch never received such a chrono it was apparent that the segregation was bogus and therefore defendant Welch had an obligation to not only correct this illegal action, but also to report it to an authority higher than defendant Sergeant Gutierrez. Defendant Welch did neither. Rather, he perpetrated this illegal action and enforced against me as my housing officer the full effect of the illegal disciplinary segregation.

For these reasons, both defendants must be made to answer for their wrongdoing.

I, Raymond Whitall, declare under penalty of perjury that the foregoing is true and correct. Executed at Soledad, California.

Raymond Whitall
Plaintiff, pro se

Raymond Whitall

Executed On: June 18, 2020

Whitall v. Gutierrez; Complaint

9