IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RICHARD WHITALL,<br>Plaintiff,<br>v.<br>S.D. GUTIERREZ, et al.,<br>Defendants. | Case No. 20-cv-00910-CRB<br><br>**ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS** |

In September 2018 Sergeant S.D. Gutierrez called Officer William Welch and instructed him to restrict Raymond Whitall, a prison inmate, to his cell for 30 days. No disciplinary record supported Sergeant Gutierrez's order; Whitall alleges that he gave his order in retaliation for grievances that Whitall had filed against him. Whitall sued Sergeant Gutierrez for retaliation and both Defendants for violations of his procedural due process rights and various corresponding state-law claims.

The Court screened out some of Whitall's claims, leaving (1) his procedural due process claim against Officer Welch, (2) his state-law claims against Officer Welch, and (3) his retaliation claim against Sergeant Gutierrez. Officer Welch and Sergeant Gutierrez each filed motions for summary judgment on their respective claims, and Whitall filed a motion for partial summary judgment on the issue of liability on his due process claim against Officer Welch. The Court **GRANTS** Officer Welch's motion for summary judgment and **DENIES** Whitall and Sergeant Gutierrez's motions for summary judgment.

After summary judgment briefing concluded, Whitall filed a motion for sanctions against Sergeant Gutierrez based on his attempt to use evidence that he failed to disclose to Whitall in discovery. Whitall seeks to preclude Sergeant Gutierrez from using this new

evidence at summary judgment or trial. The Court **GRANTS** Whitall's sanctions motion.

## I.     BACKGROUND

### A.     The Parties

Plaintiff Raymond Whitall is an inmate at Salinas Valley State Prison. Whitall Dep. Tr. (dkt. 106-3) at 67:14–15; Whitall Decl. (dkt. 114) ¶ 2. He is hearing- and mobility-impaired and is housed in a special facility that provides outpatient care to inmates with disabilities. Whitall Decl. ¶ 2. Defendants are Officer William Welch and his superior officer Sergeant S.D. Gutierrez—officers at the Prison. Whitall Dep. Tr. at 67:12–13, 107:2-22; Welch Dep. Tr. (dkt. 97-1) at 77:6–20, 784–15.

Whitall and Officer Welch do not appear to have a history preceding the events at issue in this case, which transpired in September 2018. See Welch MSJ Opp. (dkt. 112) at 15 (detailing Whitall's prior interactions with other guards but identifying no prior interactions between Whitall and Officer Welch). But the same is not true of Whitall and Sergeant Gutierrez. Whitall alleges that in February 2017 several prison officers beat him while Sergeant Gutierrez was present (though it is not clear whether Whitall alleged that Sergeant Gutierrez beat him or that Sergeant Gutierrez was just present at the beating). CDCR Memo (dkt. 115-7) at AO1883–84, AO1887. Whitall then filed a grievance and a complaint alleging staff misconduct, specifically naming Sergeant Gutierrez as one of the guards involved. Gutierrez MSJ App'x (dkt. 101) at 18 (grievance form); CDCR Memo at AGO1887 (Prison Law Office complaint). After Whitall filed his grievance and complaint, he had several further interactions with Sergeant Gutierrez in the yard: Sergeant Gutierrez repeatedly ordered Whitall to "prone out" (i.e., lie face-down on the ground) during alarms, and in August 2017 told Whitall that he would not "be safe anywhere in this prison." Whitall Decl. ¶¶ 4–5. Sergeant Gutierrez also stated in September 2017 that he "wish[ed] [Whitall] would quit making false allegations against him." 2017 Appeal Supp. (dkt. 115-6) at CDCR_Subpoena_027.[1]

---

[1] Whitall filed an administrative motion to seal certain documents, including the document cited here, pursuant to requests from Sergeant Gutierrez and the CDCR. Admin. Mot. to

### B. Officer Welch Orders Whitall to Return to His Cell

A year later, on September 9, 2018, Officer Welch ordered Whitall to return to his cell and informed him that he would be "restricted to [his] cell for 30 days." Whitall Dep. Tr. at 50:2–15. Whitall asked Officer Welch why he was being punished, and Officer Welch responded that Sergeant Gutierrez had called him and told him to impose this punishment. Id. Officer Welch did not confirm whether Sergeant Gutierrez had any basis to punish Whitall, despite Whitall's repeated requests for more information. Whitall Decl. ¶ 9. A subsequent investigation by the California Department of Corrections and Rehabilitation failed to uncover any records of disciplinary proceedings that justified punishing Whitall. 2019 Appeal Supp. (dkt. 106-10) at CDCR03732; CDCR Resp. to Pl.'s Subpoena (dkt. 106-8) at 2:22–24.

The parties contest the extent to which Whitall was actually confined to his cell for the 30-day period following September 9. Whitall contends that he lost access to the dayroom (as well as the phones, which were in the dayroom), recreational activity on the yard, and the privilege of "showering whenever [he] wanted to." Whitall Dep. Tr. at 121:12–19. Defendants, by contrast, assert that Whitall lost access to the dayroom but otherwise had the same access to facilities and services as before. David Tristan Dep. Tr. (dkt. 99-1) at 27:3–28:24, 118:14–25.

### C. Whitall Challenges His Punishment

Toward the end of the 30-day period, on October 3, 2018, Whitall filed a grievance challenging his punishment. Whitall Grievance (dkt. 106-4). His grievance explained that Officer Welch informed him that Sergeant Gutierrez told Officer Welch that he "had been put on 30-days loss of privilege" and "must return immediately" to his cell. Id. at

---

Seal (dkt. 116). The CDCR clarified that they sought to redact only the correctional officers' signatures so that they would not be forged by inmates. Statement in Support of Limited Privacy Redactions (dkt. 117) at 2. Sergeant Gutierrez never filed any document respecting the sealing of these documents. Accordingly, the Court **GRANTS** Whitall's motion to seal with respect to the officers' signatures on Exhibits 6–8 to the Declaration of Patrick Reischl (dkts. 115-6 to -8) and otherwise **DENIES** Whitall's motion to seal.

1  CDCR00003–05.  His grievance further stated that he was unaware of any basis for his
2  punishment.  Id. at CDCR00005.
3        Whitall filed this case pro se in February 2020, asserting a federal civil rights claim
4  against Officer Welch and Sergeant Gutierrez under 42 U.S.C. § 1983 for violations of his
5  due process rights, various state law claims against both Defendants, and a federal civil
6  rights claim against Sergeant Gutierrez for retaliation.  Compl. (dkt. 1).  On June 5, 2020,
7  the Court screened Whitall's complaint and identified three claims as cognizable: (1) a
8  § 1983 claim against Officer Welch for disciplining Whitall in violation of his procedural
9  due process rights, (2) corresponding California state-law claims against Officer Welch,
10 and (3) a § 1983 claim against Sergeant Gutierrez for retaliating against Whitall by
11 ordering Officer Welch to discipline him.  Screening Order (dkt. 4) at 2–3.
12       In April 2024, the parties moved for summary judgment.  Officer Welch and
13 Sergeant Gutierrez each moved for summary judgment in full, while Whitall moved for
14 partial summary judgment as to liability on his due process claim against Officer Welch.

### D. Whitall Moves for Sanctions Against Sergeant Gutierrez

In support of his summary judgment reply brief (dkt. 121), Sergeant Gutierrez appended Whitall's medical records spanning the period in which he was restricted to his cell.  Sergeant Gutierrez had not disclosed these medical records to Whitall in discovery even though Whitall (both before he was represented by counsel and after the appointment of counsel) sought discovery that would include those records.  Arber Decl. (dkt. 127-2) ¶¶ 4, 6; Pl.'s First Request for Production (dkt. 127-3) No. 4; Pl.'s Second Set of Requests for Production (dkt. 127-4) No. 8.  Whitall moved for sanctions, arguing that Sergeant Gutierrez should be precluded from using these records at summary judgment or trial.

## II. SUMMARY JUDGMENT

Officer Welch and Sergeant Gutierrez both move for summary judgment on all Whitall's claims.  Whitall moves for partial summary judgment against Officer Welch on one claim—his procedural due process claim—and only on the issue of liability.

4

At summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Tolan v. Cotton, 572 U.S. 650, 651 (2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The Court will not "engage in credibility determinations or weigh evidence." Munden v. Stewart Tit. Guar. Co., 8 F.4th 1040, 1044 (9th Cir. 2021). Rather, the Court will determine only whether there is a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A jury, not the Court, properly resolves any material factual disputes. Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 871 (9th Cir. 2010).

### A. Screening Order Dispute

Before addressing the merits of Whitall's various claims, there is a threshold issue as to which claims remain live, and against which defendants. In its June 5, 2020 screening order, the Court identified three claims as cognizable: (1) a due process claim against Officer Welch, (2) corresponding California state-law claims against Officer Welch, and (3) a retaliation claim against Sergeant Gutierrez. Screening Order at 2–3. The parties now dispute whether certain of Whitall's claims survived screening—specifically, Whitall's various state-law claims against Officer Welch and his due process and state-law claims against Sergeant Gutierrez.

With respect to Whitall's state-law claims against Officer Welch, Whitall argues that these claims are "corresponding California state-law claims" as meant by the screening order because they arise out of the same set of facts as Whitall's due process claim against Officer Welch. Welch MSJ Opp. at 18. Officer Welch responds that only a "state-law claim for violation of procedural due process" could be "corresponding." Welch MSJ Reply (dkt. 119) at 9. Whitall is correct that the claims all arise out of the same set of facts, so the Court addresses his state-law claims against Officer Welch.[2]

---

[2] Officer Welch also argues that Whitall's state-law claims fail because he did not exhaust his administrative remedies. There is no failure to exhaust here: Whitall filed a grievance challenging his 30-day disciplinary segregation and provided the underlying facts when he did so. That is sufficient under California's regulations. See Shepard v. Borum, 2020 WL 1317340, at *2 (E.D. Cal. Mar. 20, 2020) ("[D]efendants' cramped reading of California's prison regulations is not consistent with the text … which requires only that a prisoner

1    The effect of the screening order is clearer with respect to Whitall's claims against
2    Sergeant Gutierrez.  Contrary to Whitall's assertion that the Court "analyzed [] Whitall's
3    claims and found each cognizable except for [] Whitall's Eighth Amendment Claim,"
4    Gutierrez MSJ Opp. (dkt. 113) at 21, the Court found cognizable only the three categories
5    of claims listed above—which include only one claim against Sergeant Gutierrez, for
6    retaliation.  Although the Court did not expressly dismiss the other claims against Sergeant
7    Gutierrez, such dismissal is implicit in the screening order.  See 28 U.S.C. § 1915A(b)
8    ("On review, the court shall identify cognizable claims or dismiss the complaint, or any
9    portion of the complaint, … .").  Thus, Whitall's sole surviving claim against Sergeant
10   Gutierrez is his retaliation claim.

### B.  Procedural Due Process Claim Against Officer Welch

Whitall asserts that Officer Welch violated his constitutional right to procedural due process by placing him in disciplinary segregation without any process whatsoever. Officer Welch raises three arguments in defense: (1) that he did not deprive Whitall of a protected liberty interest, which Officer Welch asserts is a necessary precondition for a procedural due process claim; (2) that the phone call he received from Sergeant Gutierrez constituted "some evidence" sufficient to require evidence of a liberty interest that has been infringed upon, and (3) that he is entitled to qualified immunity on the grounds that following a supervisor's orders to discipline an inmate, even when reasons are not given for those orders, does not violate clearly established federal law.

#### 1.  Whether a protected liberty interest is necessary

Officer Welch argues that, without a protected liberty interest, Whitall cannot assert a procedural due process claim.[3]  In support, Officer Welch identifies some Supreme Court case law suggesting that a procedural due process claim is not viable without a protected

---

'state all facts known and available to him/her regarding the issue being appealed at the time of submitting.'" (quoting Cal. Code Regs., tit. 15, § 3084.2(a)(4))).
[3] Officer Welch asserts that disciplinary segregation of 30 days does not constitute a protected liberty interest.  For purposes of these motions, the Court need not decide whether disciplinary segregation of 30 days constitutes a protected liberty interest.

6

liberty interest. But his argument runs headlong into Ninth Circuit precedent that has not been clearly overturned or abrogated by the Ninth Circuit or the Supreme Court.

In Burnsworth v. Gunderson, the Ninth Circuit affirmed a district court expunging a prisoner's disciplinary record where "no evidence" was presented at the disciplinary hearing to support disciplinary action. 179 F.3d 771, 774–75 (9th Cir. 1999). The court explained that the prisoner's "due process rights are violated even if [he] has demonstrated no cognizable liberty interest." Id. at 775 (emphasis added). In doing so, the court distinguished Supreme Court precedent "stating that a prisoner has an interest in avoiding punishments arbitrarily imposed only 'where a prisoner has a liberty interest,'" explaining that those cases "did not address a situation where [discipline] was totally unsupported by evidence." Id. (cleaned up) (quoting Superintendent v. Hill, 472 U.S. 445, 450, 454 (1985)).

Officer Welch argues that Burnsworth was erroneously decided and should not govern. He relies primarily on two Supreme Court decisions—one that predates Burnsworth and one that follows it.

In the former, Sandin v. Conner, the Supreme Court explained that liberty interests protected under the due process clause are "generally limited to freedom from restraint which … imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). The Court specifically rejected the notion that "any state action taken for a punitive reason encroaches upon a liberty interest." Id. Officer Welch argues that Sandin shows that Burnsworth was wrong when it was decided—indeed, Burnsworth did not mention, let alone discuss, Sandin. But Burnsworth did discuss and distinguish other Supreme Court cases in the same line of authority, see 179 F.3d at 775, so it is wrong to say the two cases are inconsistent on their face. In short, Sandin does not provide a basis for this Court to ignore Burnsworth.

In the latter case on which Officer Welch relies, Swarthout v. Cooke, the Supreme Court characterizes the due process analysis as "proceed[ing] in two steps." 562 U.S. 216, 219 (2011) (per curiam). First, a court should "ask whether there exists a liberty or

7

1  property interest of which a person has been deprived." Id. Second, a court asks "whether
2  the procedures followed by the State were constitutionally sufficient." Id. Officer Welch
3  asserts that this two-step process undercuts Burnsworth to the point that Burnsworth is no
4  longer good law.

But Swarthout says no more than Sandin or the other cases in the same line of authority. Indeed, Swarthout includes the same kind of sliding-scale language that the Burnsworth court used to justify its holding. Compare id. at 221 n.* (contrasting the "minimal" procedures required for parole deprivation with the "greater" procedures required for good-time credit deprivation), with Burnsworth, 179 F.3d at 775 ("some minimal procedural safeguards apply" even where "prisoners have no liberty interest," such as in clemency hearings (quoting Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 289 (1998) (O'Connor, J., concurring in part and concurring in the judgment))).

At bottom, neither Sandin or Swarthout so clearly overrules or abrogates Burnsworth as to warrant the drastic step of ignoring circuit precedent. See United States v. Hay, 601 F. Supp. 3d 943, 952 (D. Kan. 2022) (district court's "role is to apply [circuit] precedent, not to reconsider it"); Johnson v. Lewis, 2024 WL 1837207, at *2 (M.D. Ga. Apr. 26, 2024) (it is "not the place of a district court to decide when a circuit precedent is overruled or abrogated to the point that it is no longer binding").

### 2. Whether Sergeant Gutierrez's order constitutes "some evidence" in support of discipline

Officer Welch next attempts to distinguish Burnsworth on its facts. Burnsworth applies only if no evidence supports the disciplinary action; if Officer Welch can point to "some evidence" that supports the discipline, then Burnsworth would be inapplicable, and Whitall would need to show that he was in fact deprived of a liberty interest. Hill, 472 U.S. at 455.

Officer Welch argues that the phone call he received from Sergeant Gutierrez constitutes "some evidence." To be sure, the phone call explains why Officer Welch did what he did. But that is not the relevant inquiry. The question is instead whether the

discipline was supported by evidence. Indeed, one of the cases that Officer Welch cites illustrates this very point: in McDowell v. Rimington, the hearing officer had relied on the plaintiff's statements and the statements of two witnesses when it took disciplinary action. 2013 WL 5316504, at *20 (D. Nev. June 24, 2013), R&R adopted in part, rejected in part, 2013 WL 5316455 (Sept. 23, 2013). The plaintiff argued that the statement of one of those witnesses was retaliatory and false. Id. at *6. The court "discredited" that witness's statement before finding that the other witness—and the plaintiff's own statements on which the hearing officer relied—sufficed as "some evidence" supporting disciplinary action. Id. at *20.

As McDowell shows, it is not enough that an officer be able to explain why they did what the did—they must provide "some evidence" to justify disciplining the inmate. The hearing officer was able to provide that evidence in McDowell—as were the defendants in the other cases on which Officer Welch relies. See Ellington v. Salinas Valley State Prison, 2013 WL 1498913, at *3 (C.D. Cal. Mar. 15, 2013); Dunn v. Swarthout, 2013 WL 876410, at *8 (E.D. Cal. Mar. 7, 2013). Officer Welch, on the other hand, does not point to any evidence aside from the phone call.[4] That is not "some evidence" sufficient to justify Officer Welch's actions.

### 3. Whether Officer Welch is entitled to qualified immunity

Officer Welch argues that he is entitled to qualified immunity because he followed what he thought to be a valid order and was not obligated to confirm the basis of the order. Given the circumstances, including the very minimal deprivation at issue, the Court finds qualified immunity appropriate in this case.

Qualified immunity applies unless the right at issue was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). The qualified-immunity inquiry "must be undertaken in light of the specific context of the case, not as a broad

---

[4] Indeed, it appears that there was never any evidence supporting disciplining Whitall. See 2019 Appeal Supp. at CDCR03732; CDCR Resp. to Pl.'s Subpoena at 2:22–24.

9

1　　general proposition." Mullenix v. Luna, 57 U.S. 7, 12 (2015) (citation omitted).  While

2　　there need not be "a case directly on point, [] existing precedent must have placed the

3　　statutory or constitutional question beyond debate." Id. (citation omitted).  And where a

4　　plaintiff points to a "general constitutional rule," that rule must "apply with obvious clarity

5　　to the specific conduct in question." Hope v. Pelzer, 536 U.S. 730, 741 (2002) (citation

6　　omitted).

7　　　　　The constitutional rule that Whitall points to is that "due process entitles a prison

8　　inmate to at least some process before being subject to discipline."  Welch MSJ Opp. at

9　　11–12 (emphasis in original).  To the extent that constitutional rule is still valid (and it is

10　　not clear that it is, further justifying qualified immunity in this case), it does not apply

11　　"with obvious clarity" to Officer Welch's conduct on the facts of this case.  Quite the

12　　contrary: the evidence that Whitall himself cites indicates that Sergeant Gutierrez, not

13　　Officer Welch, would have been responsible for ensuring that due process was followed

14　　(i.e., issuing a written disciplinary note).  Welch Dep. Tr. (dkt. 106-6) at 31:7-14; see also

15　　Austin Ware Dep. Tr. (dkt. 97-1) at 177:6–16.  Whitall identifies no record evidence or

16　　legal authority that would have required Officer Welch to independently verify that his

17　　superior officer had taken the right procedural steps to provide Whitall with due process—

18　　especially not for discipline that arguably does not even deprive Whitall of a protected

19　　liberty interest.

20　　　　　Because Officer Welch's reliance on his supervising officer's instruction to take

21　　relatively minor disciplinary action did not violate clearly established federal law, the

22　　Court grants summary judgment for Officer Welch and against Whitall on the due process

23　　claim against Officer Welch.

24　　　　**C.　State Law Claims Against Officer Welch**

25　　　　　Whitall asserts five claims against Officer Welch under California state law: (1) a

26　　Ralph Act claim, (2) a Bane Act claim, (3) a dependent-adult abuse claim, (4) an

27　　intentional infliction of emotional distress claim, and (5) a negligent infliction of emotional

28　　distress claim.

      **Intent-based claims.** The first four state-law claims require Whitall to show some form of specific intent:

- The Ralph Act requires that "a motivating reason for the defendant's conduct was [his] perception of the plaintiff's [disability]." <u>Austin B. v. Escondido Union Sch. Dist.</u>, 149 Cal. App. 4th 860, 880–81 (2007) (cleaned up) (citation omitted); <u>see also id.</u> at 881 (affirming nonsuit on Ralph Act claim where there was "no evidence that [the defendant] took the alleged actions because he was biased against or had an animus against disabled children").

- The Bane Act requires that the defendant's conduct be intended "to prevent [the plaintiff] from exercising [his] constitutional right or retaliate against the plaintiff for having exercised [his] constitutional right." <u>Id.</u> at 882 (cleaned up) (citation omitted).

- California Welfare & Institutions Code section 15657, which provides a cause of action for dependent-adult abuse, requires proof of "recklessness, oppression, fraud, or malice." <u>Stewart v. Superior Court</u>, 16 Cal. App. 5th 87, 102 (2017); <u>see also id.</u> at 108 ("Recklessness, unlike negligence, involves more than 'inadvertence, incompetence, unskillfulness, or a failure to take precautions' but rather rises to the level of a 'conscious choice of a course of action … with knowledge of the serious danger to others involved in it.'" (alteration in original) (citing <u>Delaney v. Baker</u>, 20 Cal. 4th 23, 31–32 (1999)).

- California courts require that an intentional infliction of emotional distress plaintiff prove that the defendant's conduct "exceed all bounds of that usually tolerated in a civilized community" and be "intended to inflict injury or engaged in with the realization that injury will result." <u>Hughes v. Pair</u>, 46 Cal. 4th 1035, 1050–51 (2009) (citations omitted).

      Whitall argues that Officer Welch's failure to interrogate the order he received from Sergeant Gutierrez, a superior officer, is sufficient to at least show recklessness at the summary judgment stage. <u>See</u> Welch MSJ Opp. at 14 ("Welch did not move to dismiss

1   [the discipline], and the record is clear that Officer Welch ordered [] Whitall to return to
2   his cell without any process."), at 16 ("Officer Welch failed to verify Sergeant Gutierrez's
3   directive before imposing the discipline, and never checked to see if there was any
4   documentation supporting the discipline."), and at 17 (contending that "ordering a disabled
5   inmate to be largely confined to his cell for thirty days, based on no evidence at all," is
6   outrageous for purposes of intentional infliction of emotional distress).  He also asserts that
7   the fact that Whitall was clearly identifiable as disabled and "had faced a history of
8   harassment by guards" permits an inference that Officer Welch discriminated against him
9   on the basis of his disability.  Id. at 14–15.

10         Whitall's evidence does not support the inferences he asks the Court to draw.  Each
11   of the four state-law claims above require specific intent.  In other words, they require that
12   Officer Welch's conduct be targeted at (or in reckless disregard of the likelihood of) some
13   outcome, whether that be the deprivation of his constitutional rights, discrimination on the
14   basis of disability, dependent-adult abuse, or emotional distress.  Whitall points to no
15   evidence that Officer Welch intended to cause, or should have known he was likely to
16   cause, these kinds of harms.  See Vaughn v. Teledyne, Inc., 628 F.2d 1214, 1220 (9th Cir.
17   1980) ("[I]n opposing a motion for summary judgment the plaintiff must present
18   significant probative evidence relevant to the issue of intent.").[5]  As such, the Court grants
19   summary judgment for Officer Welch on the Ralph Act, Bane Act, dependent-adult abuse,
20   and intentional infliction of emotional distress claims.

21         **Negligence-based claim.**  As for the negligent infliction of emotional distress
22   claim, Officer Welch argues that he owed Whitall no duty to confirm the basis for Sergeant
23   Gutierrez's order, especially given that there was no physical injury or serious deprivation

---

[5] Whitall's evidence pales in comparison to the cases he cites as authority for sending these claims to a jury.  See Sababin v. Superior Court, 144 Cal. App. 4th 81, 89–90 (2006) (recklessness a jury question in dependent-adult abuse case where nurses failed to follow hospital patient's care plan); Morse v. County of Merced, 2017 WL 2958733, at *18 (E.D. Cal. July 11, 2017) (outrageousness a jury question in emotional distress case where defendants intentionally or recklessly included misleading information and omitted exculpatory information in arrest warrant that led to plaintiff's prosecution for murder).

of Whitall's rights.  Whitall responds by citing California case law that establishes a "special relationship" between prison officers and prisoners.  Welch MSJ Opp. at 17 (citing Giraldo v. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 250 (2008)).

Although Whitall is correct that California law recognizes some duty of care owed by prison officers to prisoners, that duty does not extend as far as Whitall suggests.  The California Court of Appeals' analysis in Giraldo focuses on prison officers' duty to protect prisoners from risks of "physical harm," risks to "life and health," "risks of attack by other prisoners," and risks of rape.  168 Cal. App. 4th at 248–50 (citing various state and federal authorities).  Nothing in Giraldo imposes on prison officers a duty to protect prisoners from disciplinary action when there is no allegation of physical harm.  The Court therefore grants summary judgment for Officer Welch on the negligent infliction of emotional distress claim.

### D. Retaliation Claim Against Sergeant Gutierrez

Sergeant Gutierrez makes three arguments as to why the Court should grant summary judgment on Whitall's claim of First Amendment retaliation: (1) that there is "no conclusive evidence" that he ordered Officer Welch to place Whitall in disciplinary segregation, (2) that the timing does not align with him retaliating against Whitall based on Whitall's pending lawsuit against him, and (3) that because Whitall continued to file grievances, that his speech was not chilled.  None of these arguments is persuasive.

Sergeant Gutierrez's first argument misstates the legal standard for summary judgment.  Courts do not ask whether there is "conclusive" evidence, but rather whether there is a "genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a); see also Anderson, 477 U.S. at 251–52 (summary judgment is appropriate if "the evidence … is so one-sided that one party must prevail as a matter of law").  Sergeant Gutierrez concedes that there is evidence he ordered Welch to discipline Whitall: "Officer Welch received a phone call from someone who 'identified' himself as Sergeant Gutierrez."  Gutierrez MSJ (dkt. 99) at 12.  While Sergeant Gutierrez is welcome at trial to contest Officer Welch's identification, it easily creates a dispute of material fact.

13

Sergeant Gutierrez's second argument fails for much the same reason. He would have the Court find it "implausible" that he waited over a year to retaliate against Whitall. Id. at 12–13. But to do so, the Court would have to discount (i.e., weigh) Whitall's evidence that Whitall had filed multiple grievances against Sergeant Gutierrez in 2017 and that Sergeant Gutierrez expressed his frustration at those grievances. See July 13, 2017 CDCR Memo; May 2018 Inmate Appeal (dkt. 115-10) at AGO0668; Whitall Decl. ¶ 6; 2017 Appeal Supp. at CDCR_Subpoena_027. It is not proper to weigh evidence at the summary judgment stage. Munden, 8 F.4th at 1044. These grievances suffice to present a triable issue for a jury to decide. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (affirming jury verdict on retaliation claim against challenge that the defendant did not know the plaintiff had filed grievances).[6]

Sergeant Gutierrez's third argument is foreclosed by Ninth Circuit precedent. Whitall does not need to show that his speech was chilled—only that the speech of "a person of ordinary firmness" would have been chilled by the "more than minimal harms" he suffered. Watison v. Carter, 668 F.3d 1108, 1115 (9th Cir. 2012); see also Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) ("[W]e have never required a litigant … to demonstrate a total chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced."). The Ninth Circuit has held that "reduced access to phone calls and recreation" and lengthy "confine[ment] to [a] cell" can suffice to show a chilling effect. Shepard v. Quillen, 840 F.3d 686, 691 (9th Cir. 2016). Whitall's evidence shows that he was largely confined to his cell and denied access to various recreational spaces and activities. Whitall Decl. ¶ 8; Whitall Dep. Tr. at 121:15–19; Richard Subia Dep. Tr.

---

[6] Rather than focusing primarily on Whitall's grievances against him, Sergeant Gutierrez spends much of his briefing arguing that he was not aware of a civil complaint alleging excessive force that Whitall filed against him in federal court. See Gutierrez MSJ at 13. He asserts that "undisputed" evidence shows that he did not know that Whitall the complaint until 2019. See id. This is beside the point. For one, Whitall actually disputes this evidence. See Gutierrez MSJ Opp. at 12–13 ("There is ample evidence discrediting this assertion [that Gutierrez did not know about the lawsuit]."). And in any case, Sergeant Gutierrez's knowledge of the grievances is enough for a jury to infer retaliatory motive.

1  (dkt. 106-15) at 87:3–16 (loss of dayroom privileges effectively means loss of phone
2  privileges). That is enough to survive summary judgment, so the Court denies Sergeant
3  Gutierrez's motion for summary judgment on the retaliation claim.

### III. SANCTIONS

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Sergeant Gutierrez does not contest that he failed to properly disclose Whitall's medical records, despite having access to them for years. See Arber Decl. (dkt. 127-2) ¶ 8. Instead, he argues that his failure to disclose was justified and harmless. It was not.

Sergeant Gutierrez contends that his failure to disclose Whitall's medical records was justified because the Court screened out Whitall's emotional distress claims as against Sergeant Gutierrez. But Sergeant Gutierrez's own use of Whitall's medical records belies his argument. The records purport to show whether and how much Whitall was able to access certain spaces and programs while he was restricted—a core prong of Whitall's retaliation claim. That is the precise purpose for which Sergeant Gutierrez cited these records in his reply brief. Gutierrez MSJ Reply at 5–6. And this was no new argument: Sergeant Gutierrez made the exact same argument in his opening brief, Gutierrez MSJ at 6–8, so he should have known that the medical records could be relevant, even if he waited until his reply brief to cite them. Sergeant Gutierrez's failure to timely disclose this evidence was not "substantially justified.:

Sergeant Gutierrez also argues that his failure to disclose was harmless because Whitall "had equal access" to the documents. Gutierrez Sanctions Opp. (dkt. 131) at 2–4. Not so. Even if Whitall had access to his mental health records, he had no clear reason to request them until Sergeant Gutierrez used them as support for his reply brief. In United States v. 14.3 Acres of Land, More or Less, Situated in San Diego County (Lichty), the court explained that nondisclosure is not harmless simply because both parties could have

15

had access to the evidence at issue. 2008 WL 11338038, at *3 (S.D. Cal. Nov. 17, 2008). Rather, if the non-disclosing party failed to disclose evidence that the opposing party could not have known to be relevant, that "suggests that [the non-disclosing party] intentionally lay in the weeds and then sprung the [evidence] on [the opposing party] at a time they could do little about it." Id. Though the Lichty court ultimately determined the nondisclosure was not so prejudicial or harmful to justify barring the belatedly disclosed witness from testifying at trial, it did so because there was only one nondisclosed witness, and he was "current[ly] availab[le] for deposition." Id.[7]

Here, by contrast, Sergeant Gutierrez waited until after the close of fact discovery to identify nine new witnesses and nearly a thousand pages of records. Gutierrez Supp. Disclosures (dkt. 127-10) at 2. That substantial disclosure hamstrings Whitall's ability to fairly conduct discovery in response. See Nyerges v. Hillstone Restaurant Grp. Inc., 2021 WL 3299625, at *14 (D. Ariz. Aug. 2, 2021) (finding nondisclosure potentially harmful even where two new witnesses could be deposed); Holak v. K Mart Corp., 2014 WL 4930762, at *4 (E.D. Cal. Sept. 30, 2014) (belated offer to provide witnesses "does not render harmless [the] failure to disclose those witnesses in a timely manner"). Sergeant Gutierrez's late disclosure was not harmless, so the Court grants Whitall's sanctions motion to exclude Sergeant Gutierrez's belated evidence from bearing on this motion and from use at trial.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Officer Welch and against Whitall on all counts and **DENIES** Sergeant Gutierrez's motion for summary judgment on the retaliation claim. The Court also **GRANTS** Whitall's motion for sanctions against Sergeant Gutierrez.

---

[7] Courts sometimes hold that the failure to disclose evidence available to both parties is harmless if both parties already knew of the contents of the evidence. See, e.g., Joe Hand Promotions, Inc. v. Santana, 964 F. Supp. 2d 1067, 1072 n.3 (N.D. Cal. 2013) ("failure to disclose [documents] was harmless because defendants, as signatories of the documents, presumably knew their contents and had access to them"). Sergeant Gutierrez never suggests, however, that Whitall was familiar with the contents of his mental health records.

**IT IS SO ORDERED.**

Dated: October 15, 2024



CHARLES R. BREYER
United States District Judge